UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN ANTHONY ROBERTSON           PETITIONER

v.              CIVIL ACTION NO. 3:19-CV-P352-GNS

MARK BOLTON, DIRECTOR           RESPONDENT

**MEMORANDUM OPINION**

Petitioner John Anthony Robertson filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] Under Rules 4, if the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will summarily dismiss the § 2241 petition.

**I.**

Petitioner indicates that he is challenging his state pretrial detention on the grounds that he is being "held on charges added by the facility without being arrested, served citation(s)[2] nor arrained on charges." He specifies that he is challenging "Circuit Court Division 04 and Louisville Metro Department of Corrections" "Docket # 03881 / case # 19CR0927" and that he was "Indicted and held on 5,000 Bond until and may extend past the date of June 5th 2019." He reports that he has been charged with "criminal mischief 1st, Terroristic threat 3rd, Terroristic threat 3rd, Terroristic threat 3rd."

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.
[2] Later in the petition, Petitioner advises that he did not received a "citation until 5/3/2019."

Petitioner contends that he is being held on charges "In violation of my Due process of court proceedures nor was any citations served nor Rights of Miranda read. This matter is up for pretrail so no appeal is able." He additionally alleges that his claims "cannot Be Appeal By Administrative Remedies Due to the ongoing criminal case and nor can the court Intervene until the next court Date of June 5th 2019 which detenes me Illegally."

As relief, Petitioner asks that "All charges against me that have been added that does violate my Right to Judical Due process and which holds me Illegally Be Dismissed without prejudice and I Be Released from the custody admeadetly or as soon as this court deems Appropiate." He also wants "to Be compensated and or credited for my time spent in continued confinement."

## II.

A petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a

substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *1-2 (E.D. Mich. July 20, 2009).

The Sixth Circuit Court of Appeals has found the three following exceptions to the prohibition against the federal court's consideration of a pretrial § 2241 habeas petition: (1) when a petitioner seeks a speedy trial, *see Atkins*, 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on the grounds of double jeopardy, *see Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of these exceptions is present here. Even if the Court could consider Petitioner's claims, Petitioner fails to demonstrate exhaustion of available state court remedies, and he can still present any constitutional claims during the course of his criminal trial, on direct appeal, and, if applicable, through a properly filed state collateral attack. *See, e.g.*, *Thacker v. Rees*, No. 86-5973, 1988 WL 19179, at *6 (6th Cir. Mar. 8, 1988) ("Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr 11.42 motion.").

To rule on the merits of the petition at this time would undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493. Accordingly, the Court will dismiss the § 2241 petition as premature.

# III.

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: July 17, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Petitioner, *pro se*
 Respondent
4416.005